Per Curiam.

Petitioner’s single contention is that the court lost its jurisdiction over him when it failed to appoint counsel to represent him. The questions raised herein are purely factual as to whether his rights were explained to him and petitioner proceeded voluntarily thereafter without counsel.
During the course of the hearing on the petition for habeas corpus, the state, by way of affidavit, introduced statements of the trial judge and prosecuting attorney. The judge stated that it was his invariable custom before accepting a plea to an indictment to explain to each accused his constitutional rights, the right to counsel, and the right to enter a plea of not guilty, and that, in any case in which it appeared that there was any confusion in the mind of an accused, he would enter a plea of not guilty for him.
In his affidavit, the then prosecuting attorney stated that he was in court at the time petitioner was arraigned, and that prior to asking him how he pleaded explained to him all his constitutional rights, including the right to counsel.
Petitioner does not deny that this happened. He declares that at the time he was before the court he was so frightened that *240 he did not know what was going on. The state at this hearing also introduced petitioner’s prior criminal record to offset this statement. Such record shows that petitioner, between the years of 1952 and 1959 when the present indictment was filed, had been in various courts throughout the country five separate times for various misdemeanors and one felony for which he had been incarcerated. Such evidence casts serious doubt on petitioner’s claimed fright. He was not inexperienced in the courts.
It is clear from the evidence that petitioner’s rights were explained to and understood by him, and that he voluntarily entered a plea of guilty without counsel.

Petitioner remanded to custody.

Tart, C. J., Zimmerman, Matthias, O’Neill, Grirrith, Herbert and Gibson, JJ., concur.